UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.   **MEMORANDUM OF LAW & ORDER**
Criminal File No. 23-46 (MJD)

TREHEEM SMITH,

    Defendant/Petitioner.

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Treheem Smith, Pro Se.

## I.   INTRODUCTION

Before the Court is Petitioner Treheem Smith's Motion to Vacate under 28 U.S.C. § 2255. (Doc. 65.) For the reasons addressed below, Smith's motion is denied.

## II.   BACKGROUND

On July 7, 2022, police officers discovered Smith sleeping in a vehicle in the middle of a turn lane of a public road in St. Louis Park, Minnesota. (Presentence Investigation Report ("PSR"), Doc. 37, ¶ 7.) Results from a breath test showed

that Smith had a blood alcohol content of .277. The officers subsequently arrested him. (Id. ¶¶ 8-9.) Smith attempted to resist the arrest, and, during the struggle, officers discovered a Glock Model-29 10mm handgun in Smith's waistband. (Id.)

Initially, Hennepin County charged Smith with a state firearm offense and several misdemeanors. (Id. ¶ 43.) Pending these charges, the Minnesota Department of Corrections ("DOC") took custody of Smith to serve out an undischarged sentence for First Degree Assault—Great Bodily Harm. (Id. ¶ 37.) In February 2023, the United States charged Smith with being a prohibited person in possession of a firearm and ammunition. (Doc. 1.)

Smith appeared on the charges pursuant to a writ of habeas corpus, but returned to DOC custody pending trial. (PSR at F.1.) In April 2023, Smith pled guilty to Count 1 of the federal indictment, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8). (Doc. 28.) As part of this plea, Smith admitted that the gun that he possessed was manufactured outside of Minnesota, and therefore traveled through interstate commerce before the gun came into his possession. (Id. ¶ 2.)

Following the plea, Hennepin County dropped the state charges against Smith. On October 19, 2023, this Court sentenced Smith to 37 months imprisonment. (Doc. 43.) Smith did not appeal. Instead, Smith filed a Motion to Vacate under 28 U.S.C. § 2255. As part of his motion, Smith argues that his attorney provided him ineffective assistance of counsel when his attorney (1) failed to request custody credit for the time Smith spent in Sherburne County jail and (2) failed to challenge 922(g) under the Commerce Clause of the Constitution. (Doc. 65 at 4-5.) Additionally, Smith challenges his conviction based on a "law change pertaining to guns [and] felon in possession." (Id. at 6.)

### III.    DISCUSSION

#### A.    Legal Standard – 28 U.S.C. § 2255

28 U.S.C. § 2255 requires a prisoner to show that he has the right to be released because "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "[I]n a § 2255 motion the burden of proof is on the petitioner to show that his sentence must be vacated." Cassidy v. United States, 428 F.2d 585, 587 (8th Cir. 1970).

The Eighth Circuit has explained, "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

A petitioner is not entitled to an evidentiary hearing on a § 2255 motion where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B. Ground 1 – Ineffective Assistance of Counsel

To gain relief for ineffective assistance of counsel, Smith must establish that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 678–88 (1984). The burden is on Smith to

4

establish a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687).

The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). And "counsel's failure to advance a meritless argument cannot constitute ineffective assistance." Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

The Court finds that the performance of Smith's attorney did not fall below an objective standard of reasonableness. However, even if it did, Smith was not prejudiced by the representation.

### 1. Custody Credit

First, Smith was not prejudiced when his attorney failed to request custody credit for the time Smith spent in Sherburne County Jail because federal law prohibits giving credit for time spent on another sentence. Specifically, "[a]

5

defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited to another sentence." 18 U.S.C. § 3585(b).

Here, while in Sherburne County, Smith was in the custody of the DOC serving his sentence on his state First Degree Assault conviction. (PSR ¶ 37.) Because this time applied to his state sentence, Smith cannot also claim the credit on his federal sentence as well. As such, his sentence would remain the same regardless of whether his attorney raised the issue during sentencing. Therefore, failure to request this credit did not prejudice Smith.

### 2. Commerce Clause

Second, Smith was not prejudiced when his attorney failed to make a constitutional challenge to 18 U.S.C. § 922(g) under the Commerce Clause of the Constitution. Smith believes that his actions were strictly "intrastate activity," and contends that his attorney should have argued that the Government failed to establish a federal nexus in this case. (Doc. 65 at 5.)

The "minimal nexus" that the Government had to show was that the firearm traveled through interstate commerce. Scarborough v. United States, 431 U.S. 563, 575 (1977). As part of his plea, Smith conceded that the gun he

6

possessed was manufactured outside of Minnesota and traveled through interstate commerce before he possessed it. (Doc. 28 at 2.) This is sufficient to prove this element. Thus, Smith fails to establish the result would have been different even if his counsel raised the issue. Rodriguez, 17 F.3d at 226.

Accordingly, Smith fails to show that he was provided with ineffective assistance of counsel.

### C.     Ground 2 – Changes in Second Amendment Case Law

Next, Smith broadly challenges his conviction based on "certain law change[s] pertaining to guns [and] felon[s] in possession." (Doc. 65 at 7.)

The plea agreement states, "The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of right to appeal guilt or innocence, sentence and restitution, and the constitutionality of statutes to which the defendant is pleading guilty." (Doc. 28 at 9.) "A defendant may waive the right to seek collateral relief under § 2255," and "such waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in the miscarriage of justice." Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011) (internal quotations omitted).

Smith's argument is broad, and he does not specify what changes he believes apply to him. Smith also does not argue or claim that a miscarriage of justice would occur if the waiver were enforced. See United States v. Williams, 81 F.4th 835, 841 (8th Cir. 2023) (enforcing waiver of appealability). The Court therefore concludes that the waiver is enforceable.

In summary, Smith's § 2255 motion is denied.

### D.    Certificate of Appealability

To appeal an adverse decision on a § 2255 motion, a petitioner must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that the basis for dismissal is not reasonably debatable. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000). Accordingly, the Court declines to issue a certificate of appealability.

**IV.   ORDER**

Based on the foregoing reasons, as well as the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Treheem Smith's Pro Se Motion to Vacate under 28 U.S.C. § 2255 **[Doc. 65]** is **DENIED**; and

2. No Certificate of Appealability is issued.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  January 21, 2025               s/Michael J. Davis
                                       Michael J. Davis
                                       United States District Court